**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | No. 18-15395 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01064-GMS |
| v. | |
| MISTY OLSEN, Unit Manager, Saguaro Correctional Center; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Matthew James Griffin, a New Mexico state prisoner formerly incarcerated

in Arizona, appeals pro se from the district court's summary judgment in his 42

U.S.C. § 1983 action alleging various constitutional violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

decision on cross-motions for summary judgment. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Griffin's First Amendment claim relating to his incoming mail because Griffin failed to raise a genuine dispute of material fact as to whether the regulation of his incoming mail was not reasonably related to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests").

Summary judgment on Griffin's First Amendment claim relating to his outgoing mail was proper because Griffin failed to raise a genuine dispute of material fact as to whether the regulation of his outgoing mail did not further a substantial governmental interest. *See Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating the constitutionality of regulating outgoing prisoner correspondence), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 418-19 (1989).

The district court properly granted summary judgment for defendant Corrections Corporation of America ("CCA") because Griffin failed to raise a genuine dispute of material fact that his constitutional rights were violated. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (to establish a private entity's liability under § 1983, the plaintiff must show that the private entity's custom or policy violated plaintiff's constitutional rights).

The district court properly dismissed Griffin's due process claim because Griffin failed to allege facts sufficient to show that his disciplinary charge was not supported by "some evidence," or that he was deprived of a protected liberty interest. *See Superintendent v. Hill*, 472 US. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *see also Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a constitutionally protected liberty interest arises only when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed Griffin's retaliation claim against defendants Bradley, Carrier, and Rodriguez because Griffin failed to state a plausible claim for relief. *See Rhodes v. Robinson*, 408 F. 3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *see also*

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Because we conclude that the district court properly granted summary judgment on Griffin's First Amendment claims, we deny Griffin's request for reversal of summary judgment on Griffin's retaliation claim as to defendants Griego, Olsen, and Thomas.

**AFFIRMED.**